```
                    United States District Court
                      District of Massachusetts
_____
                              )
MAXIMO VALDEZ, WENDY MIGUEL,  )
and JANIA RODRIGUES,          )
         Plaintiffs,          )
                              )   Civil Action No.
         v.                   )   13-11478-NMG
                              )
FEDERAL NATIONAL MORTGAGE ASSN.,)
MORTGAGE ELECTRONIC REGISTRATION)
SYSTEM ("MERS"), AURORA LOAN  )
SERVICES (1), AURORA LOAN     )
SERVICES (2), and HARMON LAW  )
OFFICES,                      )
         Defendants.          )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This is an action arising out of an allegedly wrongful foreclosure upon plaintiffs' residence by defendants. Currently pending before the Court is plaintiffs' second motion to remand.

## I. Background

Maximo Valdez, Wendy Miguel and Jania Rodrigues ("plaintiffs") bring suit against Federal National Mortgage Assn., Mortgage Electronic Registration, two separate LLCs known as Aurora Loan Services, and Harmon Law Offices ("Harmon") (collectively, "defendants") arising from the foreclosure of plaintiffs' residence in Dorchester, Massachusetts. Their Complaint alleges violations of Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(a), as well as several state law

-1-

claims including trespass, quiet title, and M.G.L. c. 93A violations.

Plaintiffs filed the action in Massachusetts Superior Court for Suffolk County and defendants removed to this Court in June, 2013. Plaintiffs moved to remand the action to state court shortly thereafter. On July 17, 2013 this Court denied plaintiffs' first motion to remand pursuant to 28 U.S.C. §§ 1331 and 1367 because Count I of the Complaint alleges a violation of federal law (the FDCPA) and the remaining state claims arise out of the same transaction. The following day, plaintiffs filed an Amended Complaint removing the federal claim and filed the pending second motion to remand.

## II. Analysis

The parties agree that the Amended Complaint no longer alleges a federal claim and all remaining claims are purely matters of state law. However, defendants contend that this Court has diversity jurisdiction because the only non-diverse defendant was fraudulently joined or, alternatively, that this Court should retain supplemental jurisdiction over the remaining state law claims.

### A.   Diversity Jurisdiction

Diversity jurisdiction "requires complete diversity between the plaintiffs and defendants in an action." Picciotto v. Cont'l Cas. Co., 512 F.3d 9, 17 (1st Cir. 2008) (emphasis in original).

To determine whether complete diversity exists on a motion to remand, the Court must examine the plaintiff's pleading as of the time of the petition for removal, and if indeed there is not complete diversity, the case must be remanded. Carey v. Bd. of Governors of Kernwood Country Club, 337 F. Supp. 2d 339, 341 (D. Mass. 2004) (Gorton, J.).

The parties agree that plaintiffs and defendant Harmon are all citizens of Massachusetts and complete diversity is not satisfied. Defendants argue, however, that the Court should apply the doctrine of fraudulent joinder and find that, because plaintiffs fail to state a viable claim against Harmon, Harmon's Massachusetts citizenship should be disregarded.

As this Court has explained, "[f]raudulent joinder is a term of art used to describe not only the deceptive practice of joining a resident defendant solely to defeat diversity, but also an improper joinder" and does not necessarily mean that plaintiff acted to mislead or deceive. Carey, 337 F. Supp. at 341 n.1. (citations omitted). The linchpin of the fraudulent joinder analysis is "whether the joinder of the non-diverse party has a reasonable basis in law and fact." Mills v. Allegiance Healthcare Corp., 178 F. Supp.2d 1, 4 (D. Mass. 2001).

The First Circuit Court of Appeals has not articulated a standard for evaluating a claim of fraudulent joinder, see Mills, 178 F. Supp. at 4, and although this Court has denied a motion to

remand under the fraudulent joinder doctrine in the past, see Carey, 337 F. Supp. at 341, it declines to do so here.

In Carey, this Court applied that doctrine to the plaintiff's wrongful death claims against the defendants, the individual members of the Board of Kernwood Country Club, because those claims were barred by the Worker's Compensation Statute and so plaintiff clearly had no possibility of recovery. Id. at 343. Plaintiff's claims against Harmon, however, arise out of Harmon's foreclosure practices, which are currently the subject of more than 100 pending suits in Massachusetts Superior Courts, as well as an investigation under M.G.L.c. 93A initiated by the Attorney General's office in 2010.

Furthermore, another Massachusetts court has entered judgment for another claimant with respect to a trespass action against Harmon after that Court determined that the foreclosure of his residence was improper. See Dennis v. Federal National Mortgage Assn., Suffolk Superior Court, Civ. No. 12-3736. Given the fact that Harmon is the subject of so many other lawsuits, it cannot be said that, as a matter of law, plaintiffs' claims against Harmon are without merit.

Accordingly, the Court will consider Harmon's citizenship for purposes of assessing its subject-matter jurisdiction with the result being that complete diversity is not satisfied because one of the necessary defendants is a resident of the plaintiffs'

common domicile.  The Court, therefore, lacks jurisdiction over the dispute.

### B.  Supplemental Jurisdiction

Defendants alternatively contend that this Court has the discretion pursuant to 28 U.S.C. § 1367 to retain supplemental jurisdiction over related state law claims after the federal claim has been dismissed.  This is true, but the Court declines to do so in this case.

The dismissal of plaintiffs' FDCPA claim does not divest this Court of supplemental jurisdiction over the remaining claims but the Court must take into account concerns of "comity, judicial economy, convenience, [and] fairness" when deciding whether to exercise its discretion. Roche v. John Hancock Mut. Life. Ins. Co., 81 F.3d 249, 257 (1st Cir. 1996).  This Court finds that all of those factors weigh in favor of remanding the case to state court, particularly because the FDCPA claim was dismissed early in the proceedings and the litigation has yet to mature. See Camelio v. Am. Fed'n, 137 F.3d 666, 672 (1st Cir. 1998).

### ORDER

In accordance with the foregoing, plaintiff's second motion to remand (Docket No. 22) is **ALLOWED** and the case is **DISMISSED**.

**So ordered.**                    /s/ Nathaniel M. Gorton
                               Nathaniel M. Gorton
Dated August 9, 2013               United States District Judge