United States District Court
District of Massachusetts

| | |
|---|---|
| MAXIMO VALDEZ, )<br>WENDY MIGUEL, )<br>JANIA RODRIGUES )<br>   )<br>   Plaintiffs, )<br>   )<br>   v. )<br>   )<br>FEDERAL NATIONAL MORTGAGE ASSN., )<br>MORTGAGE ELECTRONIC REGISTRATION )<br>SYSTEM, INC. )<br>AURORA LOAN SERV., LLC (1) )<br>AURORA LOAN SERV,, LLC (2) )<br>HARMON LAW OFFICES, P.C. )<br>   )<br>   Defendants. ) | Civil Action No.<br>13-11478-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

Defendants move this Court to reconsider or, in the alternative, clarify its Order of August 12, 2013, remanding this case to Suffolk County Superior Court. For the reasons set forth below, the Court will deny the motion.

Plaintiffs, citizens of Massachusetts, originally filed their action in Suffolk Superior Court. Defendant Harmon Law Offices, P.C. ("Harmon"), also a Massachusetts citizen, and its out-of-state co-defendants removed to this Court, asserting federal question jurisdiction. When plaintiffs abandoned their sole federal claim, the Court granted plaintiffs' second motion to remand because Harmon's presence as a defendant caused a lack of

-1-

complete diversity.  The Court declined to apply the doctrine of fraudulent joinder to the claims against Harmon and further chose not to exercise supplemental jurisdiction over the remaining state law claims.

A district court's order to remand is not reviewable "on appeal or otherwise." 28 USC § 1447(d).  The "or otherwise" phrase in § 1447(d) "prohibit[s] even a motion for reconsideration once the state court has resumed jurisdiction." Fed. Deposit Ins. Corp. v. Santiago Plaza, 598 F.2d 634, 636 (1st Cir. 1979).  The present action was reinstated in Suffolk Superior Court on August 16, 2013.  Therefore, this Court will not review its prior decision.

The Court will, nevertheless, briefly elaborate on the rationale for its August 12, 2013, Order.  Fraudulent joinder depends on "whether the joinder of the non-diverse party has a reasonable basis in law and fact." Mills v. Allegiance Healthcare Corp., 178 F. Supp. 2d 1, 4 (D. Mass. 2001).  Applying this standard, the Court found Harmon had a "real connection with the controversy" and its presence in the suit was not "merely a sham" to defeat complete diversity. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921).  Both the allegations in plaintiffs' complaint and the existence of similar suits pending against Harmon in Massachusetts Superior Courts supported a finding that Harmon's joinder had a reasonable basis in law and fact.

**ORDER**

In accordance with the foregoing, defendant's motion for reconsideration or clarification (Docket No. 45) is **DENIED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated November 15, 2013